**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William Henry FOGARTY,**
**Defendant-Appellant.**

No. 81–1139.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 6, 1981.

Decided Dec. 14, 1981.

Rehearing and Rehearing En Banc
Denied March 16, 1982.

Randy Sue Pollock, Stockton, Cal., for defendant-appellant.

Joyce Ann Babst, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before GOODWIN, NELSON and BOO-CHEVER, Circuit Judges.

PER CURIAM.

William Henry Fogarty was found guilty of three counts of mailing obscene matter, 18 U.S.C. § 1461, and three counts of violating the Sexual Exploitation of Children Act, 18 U.S.C. § 2252. His appeal raises three major issues, each with a number of sub-issues. The first group of issues challenges the district court's finding that probable cause existed to support a search warrant. Another group of issues concerns the seizure of pictures and the scope of the search warrant. Finally, Fogarty challenges the constitutionality of 18 U.S.C. §§ 1461 and 2252.

After employees of a photographic film developing business notified the Torrance Police Department that a customer, Fogarty, was bringing to the store for developing film which depicted nude minor females, investigating officers obtained copies of the photographs and learned that the name and address given by Fogarty to employees in the film department was fictitious. Further investigation and surveillance eventually led to Fogarty's residence. In the course of obtaining Fogarty's address, officers discovered that Fogarty had been convicted of indecent exposure and solicitation of lewd conduct in 1965 and that Fogarty had failed to register as a sex offender as required by the California Penal Code.

Torrance police officers in due course executed a search warrant at Fogarty's apartment in Redondo Beach. The search produced numerous photographs which depicted minor females engaged in various forms of sexual conduct and in various stages of undress. The officers also found ledger sheets, numerous sexually oriented magazines (including one which carried advertisements placed by Fogarty) and interstate correspondence from individuals responding to Fogarty's advertisements.

The facts which we have briefly outlined, as known to the police prior to the execution of the search warrant, fully supported the issuance of the warrant. The facts were contained in two affidavits, one supporting the search warrant and the other supporting an arrest warrant. We have

been cited to no restriction which limits a magistrate to the four corners of a single affidavit when facts are presented simultaneously in two related affidavits seeking two warrants.

In this case, Fogarty complains that some of the facts necessary to constitute probable cause for the search warrant were contained in the affidavit offered in support of the arrest warrant. We are satisfied that each affidavit was sufficient, standing alone, to present probable cause, but even if each had not been sufficient, of itself, we can think of no Fourth Amendment reason why the magistrate had to read either affidavit with tunnel vision. *See United States v. Dudek*, 560 F.2d 1288, 1292–93 (6th Cir. 1977), *cert. denied*, 434 U.S. 1037, 98 S.Ct. 774, 54 L.Ed.2d 786 (1978).

The various challenges to the seizure of evidence as beyond the scope of the search warrant are answered by the warrant itself. All of the seized material fell within the warrant's description and was probative of the crimes that were described in the affidavits and that were ultimately charged.

The constitutional attack on the alleged overbreadth of 18 U.S.C. § 1461, which denounces the mailing of "nonmailable" matter, can await another day. Fogarty was sentenced to probation following a short custodial period, and the sentence order did not differentiate the counts upon which he was convicted. In *United States v. Barney*, 371 F.2d 166, 172 (7th Cir. 1966), *cert. denied*, 387 U.S. 945, 87 S.Ct. 2080, 18 L.Ed.2d 1333 (1967), the Seventh Circuit held that a sentence entered in gross, if within the maximum penalty which may be imposed under each count, is considered to be a sentence for the same period on each count, with sentences to run concurrently. We agree.

Fogarty does not expose a defect in his conviction on the exploitation counts, and he does not demonstrate that his sentence or its collateral consequences would have been different if the "mailing" charges had been dismissed. Because of the concurrent nature of the sentence, we need not con-sider the constitutionality of § 1461, and decline to do so in this case. *See Hirabayashi v. United States*, 320 U.S. 81, 85, 63 S.Ct. 1375, 1378, 87 L.Ed. 1774 (1943); *United States v. Valenzuela*, 596 F.2d 1361, 1364 (9th Cir.), *cert. denied*, 444 U.S. 865, 100 S.Ct. 136, 62 L.Ed.2d 88 (1979).

Fogarty also challenges 18 U.S.C. § 2252 as unconstitutionally vague. The language of § 2252 is clear. Even if § 2252 itself were not clear, § 2253 defines the terms of § 2252 and would cure any vagueness in § 2252. Therefore, contrary to the defendant's contentions, the statute is not unconstitutionally vague.

Affirmed.