**UNITED STATES of America, Plaintiff,**

v.

**David ANDERSSON, Defendant.**

**No. S Cr 84–43.**

United States District Court,
N.D. Indiana,
South Bend Division.

June 7, 1985.

R. Lawrence Steele, Jr., U.S. Atty., William Grimmer, Asst. U.S. Atty., South Bend, Ind., for plaintiff.

David B. Weisman, South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is before this court on defendant's motion to dismiss filed April 22, 1985. This court heard oral argument on the issues addressed in defendant's motion and plaintiff's response brief on May 10, 1985. Both parties having briefed the issues, this motion is now ripe for ruling.

### I.

Defendant contends that venue is improperly laid in the Northern District of Indiana, and that the preferred and proper venue is the Northern District of Illinois. Defendant concedes that under 18 U.S.C. § 3237(a)[1] venue may lie in the Northern District of Indiana.

---

1. 18 U.S.C. § 3237(a) reads as follows:

   § 3237. Offenses begun in one district and completed in another.

   (a) Except as other wise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, maybe inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

   Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

The Indictment in this case charges the defendant with conspiracy to mail and reproduce material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252.[2] Count I of the Indictment charges that the materials were mailed by a co-conspirator in the Northern District of Indiana to the defendant in Illinois. The defendant then reproduced the materials and mailed them back to the co-conspirator in Indiana, retaining copies. The Indictment also charges the defendant with mailing material in Illinois to the co-conspirator in Indiana.

The major thrust of defendant's argument is, since the alleged activities predominantly took place in Illinois, then proper and preferred venue lies in Illinois. Both parties cite *United States v. Langford,* 688 F.2d 1088 (7th Cir.1982), *cert. den.,* 461 U.S. 959, 103 S.Ct. 2433, 77 L.Ed.2d 1319 (1983), as supporting authority for their respective positions.

In the *Langford* case, the defendant was charged under the predecessor statute of 18 U.S.C. § 2252, which included in its elements the requirement that the materials be obscene. The "obscene" requirement is no longer in the new statute. The case in *Langford* was brought in the jurisdiction of the "sending" state and not the "receiving" state. The defendant in that case argued that the venue was improper because the community standard to be applied should be that standard found in the "receiving" state and not the standard of the "sending" state. There were three "re-ceiving" states and thus, three different "community standards" to be applied under defendant's theory, and only one "sending" state. The court in *Langford* determined that the venue was properly brought in the "sending" state. However, the court did not find that jurisdiction in the "sending" state was the preferred venue. Rather, the court specifically held at 1096:

Congress' decision to allow cases such as the one at bar to be venued in either the sending or receiving jurisdiction demonstrates that § 2252 was intended to protect the inhabitants of the sending jurisdiction from being the situs of the production and distribution of pornographic materials to the same extent that it protects the receiving community from the receipt of those materials. The sending jurisdiction's interest in assuring that it is not the point of origination of obscene materials, justifies our conclusion that venuing the action in the sending jurisdiction did not violate the defendant's right to due process. Further, the venuing of the action in the sending jurisdiction forwards the interest in judicial economy by limiting the number of trials and in reality affords the defendant consistent treatment under the law because all of the visual material will not be judged separately under the potentially inconsistent standards of each of the receiving jurisdictions.

In this particular case, there are only two states involved in the alleged activity, and the requirement concerning the

---

**2.** 18 U.S.C. § 2252 reads as follows:

§ 2252. Certin activities relating to material involving the sexual exploitation of minors

(a) Any person who—

(1) knowingly transports or ships in interstate or foreign commerce or mails, for the purpose of sale or distribution for sale, any obscene visual or print medium, if—

(A) the producing of such visual or print medium involves the use of a minor engaging in sexually explicit conduct; and

(B) such visual or print medium depicts such conduct; or

(2) knowingly receives for the purpose of sale or distribution for sale, or knowingly sells or distributes for sale, any obscene visual or print medium that has been transported or shipped in interstate or foreign commerce or mailed, if—

(A) the producing of such visual or print medium involves the use of a minor engaging in sexually explicit conduct; and

(B) such visual or print medium depicts such conduct; shall be punished as provided in subsection (b) of this section.

(b) Any person who violates this section shall be fined not more than $10,000, or imprisoned not more than 10 years, or both, but, if such person has a prior conviction under this section, such person shall be fined not more than $15,000.00, or imprisoned not less then two years nor more than 15 years, or both. (Added Pub.L. 95–225, § 2(a), Feb. 6, 1978, 92 Stat. 7.)

"obscene" nature of the material is no longer a concern under the current statute. Therefore, this court does not need to concern itself with the application of a particular community standard in determining venue. Even if this court had to consider the same, it appears that the bulk of the materials in question originally were sent from Indiana.

Based on the specific language in 18 U.S.C. § 3237(a) this case was properly venued in the Northern District of Indiana.

## II.

Defendant contends that the statute 18 U.S.C. § 2252 is overly broad, difficult or impossible to interpret and impermissibly vague. The defendant contends that the statute, as is, violates the First, Fifth and Sixth Amendments to the Constitution.

The predecessor statute was specifically held to have clear language and found not to be constitutionally vague. *United States v. Fogarty*, 663 F.2d 928, 929 (9th Cir.1981), *rehrg.* and *rehrg en banc denied* (9th Cir.1982). The statute here in question, 18 U.S.C. § 2252, was amended in 1984 as part of the *Comprehensive Crime Control Act of 1984*, Pub.L. No. 98–292, 98 Stat. 204, by omitting the requirement of obscenity before violation of the statute occurs. The concern and response to the proliferation of child pornography in this nation has evidenced itself in many forms, including new legislation in most states and as recently demonstrated in the amended federal legislation.

The Supreme Court of the United States has recently addressed this issue and held that a New York statute very similar to the one now in question was constitutional and that an obscenity standard did not have to be applied to a definable class of material such as child pornography. *New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982). In the *Ferber* case, the court held:

> When a definable class of material [child pornography] such as that covered by [the New York statute] bears so heavily and pervasively on the welfare of the

children engaged in its production, we think the balance of competing interests is clearly struck and that it is permissible to consider these materials as without the protection of the first amendment.

\* \* \* \* \* \*

> [t]he test for child pornography is separate from the obscenity standard enunciated in *Miller* [*v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419], but may be compared to it for the purpose of clarity. The Miller formulation is adjusted in the following respects: A trier of fact need not find that the material appeals to the prurient interest of the average person, it is not required that sexual conduct portrayed be done so in a patently offensive manner, and the material at issue need not be considered as a whole. *Id.* at 764, 102 S.Ct. at 3358.

The *Langford* court in applying the predecessor statute of § 2252 said:

> *Ferber* makes it clear that Congress could have prohibited the mailing of material depicting minors engaged in sexually explicit conduct without including obscenity as an element of the crime, by simply prohibiting the mailing of "works that visually depict sexual conduct by children below a certain age." Id. [458 U.S.] at 764, 102 S.Ct. at 3358. However, since Congress did require proof of obscenity as an element of § 2252 and the appellant was convicted under the community standards set forth in *Miller* we review the appellant's case under *Miller's* obscenity guidelines. *Langford*, at 1093.

This court agrees with the reasoning in the *Langford* opinion and its application of the *Ferber* holding to the amended statute 18 U.S.C. § 2252. Since the amendment, this court does not have to apply the *Miller* test of obscenity to the statute.

As the court in *Fogarty, supra*, found the language of the predecessor statute clear language, this court finds the language of 18 U.S.C. § 2252 as amended clear language. In applying the very strong standard to be proven in the deter-

mination of the First Amendment overbreadth doctrine violation as fully discussed by the court in *Ferber* when applying the standard set forth in *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973), this court finds that 18 U.S.C. § 2252 is not substantially overbroad.

 Defendant also contends that 18 U.S.C. § 2252 violates the Eighth Amendment proscription of cruel and unusual punishment but cites no authority demonstrating the same. It is the duty of the Congress and not the courts to determine the type of punishment and the amount of fine or sentence to be imposed. The defendant has not shown this court that the Congress acted in a manner which violates the Eighth Amendment.

### CONCLUSION

This court hereby finds that this case is properly venued in Indiana, and that 18 U.S.C. § 2252 is not constitutionally vague, is not overbroad and does not violate the First, Fifth, Sixth or Eighth Amendments to the Constitution.

Accordingly, it is the order of this court that the defendant's motion to dismiss be and is hereby DENIED. SO ORDERED.