UNITED STATES of America,
Plaintiff-Appellee,

v.

David ANDERSSON,
Defendant-Appellant.

No. 85–2546.

United States Court of Appeals,
Seventh Circuit.

Argued June 5, 1986.
Decided Oct. 16, 1986.

Jeffrey J. Blumenthal, Chicago, Ill., for defendant-appellant.

George Horn, Law Clerk, U.S. Atty's Office, Hammond, Ind., for plaintiff-appellee.

Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.

CUMMINGS, Circuit Judge.

David Andersson was convicted of mailing and conspiring to mail and receive child pornography, violations of 18 U.S.C. §§ 2252(a) and 371. The district court sentenced the defendant to 5 years on Count I (conspiracy) and 7 years on substantive Count II to be served consecutively, along with a $10,000 fine under Count II. Andersson appeals from the conviction arguing (1) § 2252 violates his First Amendment right to possess pornography privately, (2) the trial judge relied on impermissible evidence when imposing sentence, and (3) the 12–year sentence violates the Eighth Amendment.

"Susan's Video," a video club, was the meeting place for David Andersson and Robert Ullery. After discovering a mutual interest in child pornography, the two decided to trade pornographic materials. Andersson agreed to put photographs from Ullery's private collection on videotape in exchange for a copy of the tape for his own use. In July 1984 Ullery mailed a box to Andersson that included magazines, assorted photos, and two blank videotapes. Defendant phoned Ullery to acknowledge receipt of the package on August 10, 1984.

Unknown to Andersson, shortly after that phone call Ullery was arrested and convicted of sexual exploitation of children and child molesting. On September 10, 1984, defendant mailed the finished tapes and materials back to Ullery. That box was opened on November 15, 1984, in the United States Attorney's office. An additional tape of old "stag" films depicting children (under 10 years) engaging in sexual behavior had been returned to Ullery by Andersson. On November 28, 1984, the United States Attorney's office taped a phone conversation between Ullery and defendant, with Ullery's consent. During the conversation, Andersson expressed a desire to copy one of Ullery's videotapes involving a 14–year-old girl engaging in a variety of

sexual activities. Other videotape exchange deals were discussed that revealed defendant's plan to videotape a 13–year-old girl engaging in sexual activity. A federal warrant was issued and Andersson's home was searched. During an interview with a postal inspector defendant admitted sending the above box to Ullery and receiving 8 to 10 videotapes from Ullery and returning them. The search resulted in the seizure of a large quantity of video equipment and pornographic materials.

Defendant was charged with sexually exploiting children by mailing and conspiring to mail and receive pornographic materials involving the visual depiction of minors engaged in sexual activity. On June 7, 1985, the district court denied defendant's motion to dismiss, which had alleged that 18 U.S.C. § 2252 violated the First, Fifth, Sixth, and Eighth Amendments. *United States v. Andersson,* 610 F.Supp. 246 (N.D.Ind. 1985). After a two-day trial the jury convicted him on both counts. The district court ordered Andersson detained pending sentencing. At a bond revocation hearing the court received certain exhibits that had been excluded at trial. These included photographs of the defendant and two young girls engaged in sexual activity. Defendant's motion for post-conviction relief was denied August 19, 1985. The court sentenced defendant on August 30, 1985, to a total of 12 years as well as a $10,000 fine. The sentence was based in part on defendant's "very reprehensible conduct * * * simply the kind of conduct that should not go on," referring to the pictures of defendant and the two girls.

Andersson raises three issues on appeal. First he argues that § 2252 violates the First Amendment by restraining private transfers of pornographic materials. Sec-

ond, he claims that the 12–year sentence is cruel and unusual because it is disproportionate to the crime. Third, he argues that the district court relied on improper evidence when imposing sentence. For the reasons discussed below, we affirm the district court.

## I. Constitutionality of § 2252

Andersson argues that the Constitution protects him from prosecution for "receiving pornographic material from his friend and returning it to its owner" (Def.Br. 10). Because the material was for private use only, he contends that his conviction is an "intolerable perversion of Congressional intent and must be overturned." *Id.* Andersson contests his conviction on several points. First he seems to claim that Congress never intended that private users would fall under the statute. Second, he argues that because he has a right to possess the materials in his home, he must have a correlative right to obtain those materials.

Andersson was convicted under a 1978 statute designed to protect children from being used as participants in pornographic materials and as prostitutes. Protection of Children Against Sexual Exploitation Act, Pub.L. No. 95–225, 92 Stat. 7 (1978) (codified as amended at 18 U.S.C. §§ 2251–2255). The statute was originally enacted to attack the "highly organized, multimillion dollar industry" of child pornography and child prostitution. S.Rep. No. 95–438, 96th Cong., 2d Sess. 5–6, reprinted in 1978 Code Cong. & Ad.News 40, 42–43. Congress amended the statute in 1984 to delete the "commercial purpose" language from § 2252.[1] Child Protection Act of 1984, Pub.L. No. 98–292, 98 Stat. 204 (codified at 18 U.S.C. § 2252).[2] The statute, as amend-

---

**1.** The amendment also removed the requirement that the visual depiction be obscene. See *New York v. Ferber,* 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 113.

**2.** 18 U.S.C. § 2252 provides:
    (a) Any person who—
       (1) knowingly transports or ships in interstate or foreign commerce or mails any visual depiction, if—

       (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
       (B) such visual depiction is of such conduct; or
       (2) knowingly receives, or distributes any visual depiction that has been transported or shipped in interstate or foreign commerce or mailed or knowingly reproduces any visual

ed, prohibits knowingly mailing or receiving in the mail any visual depiction of a minor engaged in sexually explicit conduct. Andersson asserts that Congress did not intend to punish those individuals who use these materials privately.

■ The language of the statute is unambiguous. It extends to any mailing or receipt of pornographic literature involving children: commercial or non-commercial, public or private. And unfortunately for defendant the legislative history further supports coverage of his activity. *United States v. Smith,* 795 F.2d 841, 845–846 (9th Cir.1986); *United States v. Miller,* 776 F.2d 978, 979 (11th Cir.1985); see *United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246. Congress certainly meant to extend coverage to those individuals who distributed pedophilic materials without commercial motive when it amended § 2252 in 1984. H.R.Rep. No. 98–536, 98th Cong., 1st Sess. 2, reprinted in 1984 U.S.Code Cong. & Ad.News 492, 493 ("the most important limitation * * * is the 'commercial purpose' limitation * * *. Many of the individuals who distribute * * do so by gift or exchange * * * and thus remain outside the coverage of this provision"). Andersson was distributing tapes of children participating in sexual activity to Ullery "by gift or exchange," just the type of conduct Congress hoped to eliminate. By converting still photographs to videotape Andersson played a significant role in the distribution network—he made it that much easier for the visual depictions of those children to be copied and further circulated. *United States v. Miller,* 776 F.2d 978, 979–980 (11th Cir.1985) ("Obviously the industry would disintegrate absent willing buyers who play a necessary role in any distribution network.").

■ Andersson also complains that if the statute applies to private mailings, it violates his right to privacy and is unconstitutional. According to defendant, *Stanley v. Georgia,* 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542, gives him the right to possess pedophilic materials in his home. Therefore, the argument goes, he must have a companion right to bring those materials into his or his friend's home.

Although *Stanley* held that the government may not censor the books or films a person views in the privacy of her or his home, the Supreme Court subsequently limited that holding severely. In *United States v. Reidel,* 402 U.S. 351, 355, 91 S.Ct. 1410, 1412, 28 L.Ed.2d 813, the Court rejected the notion that under *Stanley* someone has a right to provide obscene materials for private use (*Stanley* "does not require that we fashion * * * a constitutional right * * * to distribute or sell obscene materials"); see also *United States v. Thirty-Seven Photographs,* 402 U.S. 363, 376, 91 S.Ct. 1400, 1408, 28 L.Ed.2d 822 (no right to "import obscene materials from abroad * * * for private use or public distribution"). Then, in *United States v. Twelve 200 Ft. Reels of Super 8mm. Film,* 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500, the Court rejected the argument that *Stanley* created a right to acquire obscenity. And on the same day the Court held that *Stanley* did not preclude federal regulation of interstate transportation of obscene material, even by private means for private use. *United States v. Orito,* 413 U.S. 139, 141–142, 93 S.Ct. 2674, 2676–77, 37 L.Ed.2d 513 (there is no "zone of constitutionally protected privacy [that] follows such material when it is moved outside the home area protected by *Stanley* "). Thus even if An-

depiction for distribution in interstate or foreign commerce or through the mails, if—
(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
(B) such visual depiction is of such conduct;
shall be punished as provided in subsection (b) of this section.

(b) Any individual who violates this section shall be fined nor [*sic*] more than $100,000, or imprisoned not more than 10 years, or both, but if such individual has a prior conviction under this section, such individual shall be fined not more than $200,000, or imprisoned not less than two years nor more than 15 years, or both. Any organization which violates this section shall be fined not more than $250,000.

dersson has a right to possess child pornography in his home,[3] that right in no way extends to acquiring or providing such material for private use. *Miller,* 776 F.2d at 980–981. Therefore, § 2252 does not violate defendant's constitutional rights.

## II. Sentencing

Defendant maintains that the 12–year sentence he received (5 years on conspiracy Count I, 7 years on substantive Count II) was based on improper evidence and is disproportionate to the offense. In sentencing the defendant the district court relied upon pictures and videotapes of the defendant engaged in sexual activity with three girls. These pictures and videotapes were seized during a search of the defendant's home but were excluded from trial. The court viewed the pictures as representing "very reprehensible conduct * * * simply the kind of conduct that should not go on." Andersson argues that because there was no evidence that the pictures or film involved illegal conduct, the court improperly based its decision on its own moral judgment.

■■■ A district court has great latitude in determining what factors to consider when imposing sentence. *United States v. Marquardt,* 786 F.2d 771, 781 (7th Cir. 1986). The court may consider any and all information concerning the character and history of the defendant. *United States v. Washington,* 586 F.2d 1147 (7th Cir.1978). Nevertheless, a sentence may not be based on inaccurate or improper factors. *United States v. Harris,* 761 F.2d 394 (7th Cir. 1985). Because the sentence was within the maximum provided by Congress, it may be reviewed only for a manifest abuse of discretion. *United States v. Mitchell,* 788 F.2d 1232, 1237 (7th Cir.1986).

■■ The district court found that the ages of the girls in the pictures were 15 or 16. That finding is not disputed by the defendant.[4] Therefore, unless the use of the information is somehow improper, the sentence will be upheld. Defendant argues that the legality of his behavior controls so that the court's expression of moral indignation of that behavior was improper. But the activity depicted in those photographs was closely related to the offenses for which he was being sentenced. See *United States v. Gomez,* 797 F.2d 417 (7th Cir. 1986). Furthermore, the Sexual Exploitation of Children Act extends its regulation beyond the "age of consent" to precisely this type of behavior with anyone under the age of eighteen. 18 U.S.C. § 2255. The photographs and tapes of the defendant together with the other pedophilic paraphernalia, the video equipment and the taped conversation where he discussed plans to film himself and 13–year-old girls having sex is certainly "reprehensible" behavior and the sentencing court was entitled to consider it. The defendant argues that this case is like *United States v. Lemon,* 723 F.2d 922 (D.C.Cir.1983). *Lemon* held that the sentencing court improperly

---

**3.** It is not clear to this Court that Andersson possesses such a right. *Stanley* held that the state may not proscribe possession of obscenity in the privacy of the home. According to *Stanley* the State's interest in regulating obscenity (generally protecting the unwilling viewer and public morals) ended at the door of the private home. But the State's interests in regulating child pornography are radically different than those in regulating obscenity. The State's primary concern is protecting the child participants from that type of sexual abuse. The harm inflicted on these children is two-fold. First is the sexual abuse when the film or photograph is initially produced. But that harm continues when these photographs and films are distributed. *Ferber,* 458 U.S. at 759, 102 S.Ct. at 3355; Shouvlin, *Preventing the Sexual Exploitation of Children: A Model Act,* 17 Wake Forest L.Rev.

535, 545 (1981) ("A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography."). Drying up the market may be the only way to effectively combat the production. *Ferber,* 458 U.S. at 760, 102 S.Ct. at 3356. Therefore, the State's interests in regulating pedophilic pornography may well extend into the private home.

**4.** The court therefore fulfilled its requirement under Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure to make factual findings with respect to disputed information in the presentence report. Defense counsel had claimed only that the girls were of the "age of consent," which is 16 in Indiana. Ind.Code 35–42–4–3(e).

imputed violent tendencies to the defendant because he was a member of a radical organization even though there was no evidence that he agreed with those philosophies. This case is distinguishable from *Lemon* because Andersson cannot claim a constitutional right to have sex with 15– or 16–year–old girls. See *Bowers v. Hardwick,* — U.S. —, 106 S.Ct. 2841, 92 L.Ed.2d 140.

■ Andersson next argues that the severity of his sentence is cruel and unusual and thus violates the Eighth Amendment. The court imposed consecutive sentences of 5 years on the conspiracy Count and 7 years and a $10,000 fine on the substantive Count, which were within the statutory limits. See 18 U.S.C. § 2252(b) (establishing a maximum of 10 years and a $100,000 fine for first offenders) and 18 U.S.C. § 371 (containing a maximum of five years and $10,000 fine). Therefore the combined sentence is subject to review on appeal only for a manifest abuse of discretion. *United States v. Mitchell,* 788 F.2d 1232, 1237 (7th Cir.1986). Considering the nature of the offense—defendant used and abused young children (some under 10 years old) to gratify his own perverse sexual fantasies—a twelve-year total sentence was not an abuse of discretion. According to the district court, the sentence was also meant to be a deterrent to defendant and others engaged in similar degenerate activities. See *United States v. Gomez,* 797 F.2d 417, 420 (7th Cir.1986). The defendant has failed to demonstrate, given the intent of Congress to end the child pornography distribution network, the immense and lingering harm to the children involved and defendant's involvement in the "trade," that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment.

Finding no merit in defendant's claims, we affirm the district court.

RIPPLE, Circuit Judge, concurring.

I join the judgment and the opinion of the court. I write separately only to note that, during the sentencing process, the trial judge made use of the *probation officer* sentencing council which this court has recently refused to sanction. *United States v. Spudic,* 795 F.2d 1334, 1342–44 (7th Cir.1986). The trial judge did not, of course, have the benefit of that decision when he imposed the sentence in this case and it is clear that he employed this device in a conscientious effort to determine an appropriate and fair sentence. Moreover, the appellant has raised no claim that the use of this device worked to his detriment. Accordingly, the court quite properly does not require resentencing on this ground.