**UNITED STATES of America,**

v.

**Brian K. BEVACQUA, Appellant.**

**No. 88–5587.**

United States Court of Appeals, Third Circuit.

Argued Dec. 12, 1988.

Decided Dec. 23, 1988.

Rehearing and Rehearing In Banc Denied Jan. 25, 1989.

James D. Crawford (argued), Charles P. Hehmeyer, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellant.

James J. West, U.S. Atty., Sally A. Lied, Asst. U.S. Atty., Harrisburg, Pa., Mary C. Spearing (argued), Dept. of Justice, Criminal Div., Washington, D.C., for appellee.

Before GIBBONS, Chief Judge, and HUTCHINSON and ROSENN, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Chief Judge:

Brian K. Bevacqua appeals from a judgment of sentence imposed following his conditional guilty plea to an indictment charging him with knowingly and willfully receiving through the United States Mails child pornography in violation of 18 U.S.C. § 2252(a)(2) (Supp. II 1984). His guilty plea was entered following the denial of his motion to dismiss the indictment. He reserved the right to raise on appeal the issues on which the district court ruled against him. *See United States v. Zudick,* 523 F.2d 848, 851 (3d Cir.1975).

Bevacqua's first contention is that section 2252(a)(2) does not reach the conduct alleged in the indictment, namely the mere receipt by mail of child pornography. Rather, he contends, the statute reaches only receipt of such material for the purpose of redistribution rather than personal use. The section originated as a part of the Protection of Children Against Sexual Exploitation Act of 1977. Pub.L. No. 95–225, 92 Stat. 7, Feb. 6, 1978. As first enacted the section read:

Any person who—

(2) knowingly receives *for the purpose of sale or distribution for sale,* or knowingly sells or distributes for sale, any *obscene* visual or print medium that has been transported or shipped in interstate or foreign commerce or mailed, if—

(A) the producing of such visual or print medium involves the use of a minor engaging in sexually explicit conduct; and

(B) such visual or print medium depicts such conduct; shall be punished as provided in subsection (b) of this section.

Pub.L. No. 95–225 § 2252, 92 Stat. 7 (1978) (emphasis supplied). In 1982, the Supreme Court in *New York v. Ferber,* 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), held that the first amendment did not proscribe criminalizing the distribution of child pornography even though the materials in question were not obscene as that term was defined in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). Thereafter, in section 4 of the Child Protection Act of 1984, Pub.L. No. 98–292, 98 Stat. 204, May 21, 1984, Congress amended section 2252(a)(2) by striking out the italicized language, by changing some terms, and by adding others. The relevant amended section, as set forth in the United States Code, reads:

Any person who—

(2) knowingly receives, or distributes, any visual depiction that has been transported or shipped in interstate or foreign commerce or mailed or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce or through the mails.

18 U.S.C. § 2252(a)(2) (Supp. II 1984). The effect of the 1984 amendment was (1) to eliminate the qualification "for the purpose of sale or distribution for sale" from the receiving offense, (2) to eliminate the obscenity requirement, and (3) to add a new reproduction for the distribution offense. Bevacqua would have us read the statute as if the italicized language in the 1977 Act had not been eliminated. The statute, however, is perfectly clear. Thus, we join those courts of appeals which have rejected the same interpretation which Bevacqua proposes. *United States v. Andersson,* 803 F.2d 903 (7th Cir.1986); *United States v. Miller,* 776 F.2d 978 (11th Cir.1985).

Bevacqua also contends that the indictment should have been dismissed because it was the result of an attempted purchase of child pornography induced by a government sting operation which violated due process. The identical contention was made and rejected in *United States v. Driscoll,* 852 F.2d 84 (3d Cir.1988). The *Driscoll* case binds this panel.

Finally, relying on *Stanley v. Georgia,* 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), Bevacqua urges that as applied to his receipt through the mails of child pornography for personal use, section 2252(b) violates the first amendment. As his brief candidly acknowledges, however, that con-

tention is foreclosed, at least in this court, by *United States v. Orito*, 413 U.S. 139, 141, 93 S.Ct. 2674, 2676, 2677, 37 L.Ed.2d 513 (1973).

The judgment appealed from will therefore be affirmed.