786 P.2d 989

**STATE of Arizona, Appellant,**

v.

**Gordon Gene EMOND, Appellee.**

No. 1 CA–CR 88–389.

Court of Appeals of Arizona,
Div. 1, Department C.

Sept. 26, 1989.

As Amended Oct. 4, 1989.

Review Denied March 6, 1990.

Thomas E. Collins, former Maricopa County Atty., Richard M. Romley, Maricopa County Atty. by Benjamin W. Bull and Alan E. Sears, Counsel of Record, Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for appellee.

Arizona Civil Liberties Foundation by Nathan S. McCay, Tempe, for amicus curiae.

## OPINION

SHELLEY, Judge.

Appellee Gordon Gene Emond (defendant) was indicted on four counts of sexual

exploitation of a minor, class 2 felonies, and dangerous crimes against children in violation of A.R.S. § 13–3553. Section 3553 reads:

A. A person commits sexual exploitation of a minor by *knowingly:*

....

2. Distributing, transporting, exhibiting, receiving, selling, purchasing, *possessing* or exchanging any visual or print medium in which minors are engaged in sexual conduct.

B. Sexual exploitation of a minor is a class 2 felony and if the minor is under fifteen years of age it is punishable pursuant to § 13–604.01. [Emphasis added.]

In each count, the defendant was charged with sexual exploitation by knowingly possessing visual or print medium in which a minor under the age of fifteen years was engaged in sexual conduct. The visual or printed medium was found in defendant's home. Defendant filed a motion to dismiss the case with prejudice alleging that the portion of the statute prohibiting the mere possession of visual or print medium in which minors are engaged in sexual conduct is unconstitutional under the First and Fourteenth Amendments of the United States Constitution. The trial court dismissed the indictment without prejudice. The state timely appealed. This court has jurisdiction pursuant to A.R.S. § 13–4032(1). The sole issue is: Can the state constitutionally prohibit private possession of visual or printed medium depicting minors engaged in sexual conduct? The answer is yes.

Defendant and amicus curiae posit that the U.S. Supreme Court case of *Stanley v. Georgia,* 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), is the law of the land and that based thereon, it is unconstitutional to prohibit private possession of child pornography. We disagree.

In *Stanley,* the Supreme Court held that a state obscenity statute which imposed criminal sanctions upon the knowing private possession of obscene material is unconstitutional because it violates the First Amendment which is applicable to the states by the Fourteenth Amendment.

*Stanley* did not involve child pornography. In *New York v. Ferber,* 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), the U.S. Supreme Court held that New York's criminal statute prohibiting knowing promotion of sexual performances by children under age 16, by distribution of material depicting such performances, was constitutional. The court stated:

*This case, however, constitutes our first examination of a statute directed at and limited to depictions of sexual activity involving children.* We believe our inquiry should begin with the question of whether a State has somewhat more freedom in proscribing works which portray sexual acts or lewd exhibitions of genitalia by children.

....

*It is evident beyond the need for elaboration that a State's interest in 'safeguarding the physical and psychological well-being of a minor' is 'compelling.' Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 607, 73 L.Ed.2d 248, 102 S.Ct. 2613 [2620] (1982). 'A democratic society rests, for its continuance, upon the healthy, well-rounded growth of young people into full maturity as citizens.' *Prince v. Massachusetts,* 321 U.S. 158, 168, 88 L.Ed. 645, 64 S.Ct. 438 [443] (1944). Accordingly, we have sustained legislation aimed at protecting the physical and emotional well-being of youth even when the laws have operated in the sensitive area of constitutionally protected rights. In *Prince v. Massachusetts,* supra, the Court held that a statute prohibiting use of a child to distribute literature on the street was valid notwithstanding the statute's effect on a First Amendment activity. In *Ginsberg v. New York,* supra, we sustained a New York law protecting children from exposure to nonobscene literature. Most recently, we held that the Government's interest in the 'well-being of its youth' justified special treatment of indecent broadcasting received by adults as well as children. *FCC v. Pacifica Foundation,* 438 U.S. 726, 57 L.Ed.2d 1073, 98 S.Ct. 3026 (1978).

*The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance.*

....

Respondent does not contend that the State is unjustified in pursuing those who distribute child pornography. Rather, *he argues that it is enough for the State to prohibit the distribution of materials that are legally obscene under the Miller test. While some States may find that this approach properly accommodates its interests, it does not follow that the First Amendment prohibits a State from going further. The Miller standard, like all general definitions of what may be banned as obscene, does not reflect the State's particular and more compelling interest in prosecuting those who promote the sexual exploitation of children. Thus, the question under the Miller test of whether a work, taken as a whole, appeals to the prurient interest of the average person bears no connection to the issue of whether a child has been physically or psychologically harmed in the production of the work. Similarly, a sexually explicit depiction need not be 'patently offensive' in order to have required the sexual exploitation of a child for its production. In addition, a work which, taken on the whole, contains serious literary, artistic, political, or scientific value may nevertheless embody the hardest core of child pornography. 'It is irrelevant to the child [who has been abused] whether or not the material ... has a literary, artistic, political, or social value.' Memorandum of Assemblyman Lasher in Support of § 263.15. We therefore cannot conclude that the Miller standard is a satisfactory solution to the child pornography problem.*

....

*Recognizing and classifying child pornography as a category of material outside the protection of the First Amendment is not incompatible with our earlier decisions.* 'The question whether speech is, or is not, protected by the First Amendment often depends on the content of the speech.'
458 U.S. at 752–63, 102 S.Ct. at 3352–57, 73 L.Ed.2d at 1120–26 (emphasis added).

Defendant and amicus curiae correctly point out that *Ferber* is not a "private possession" case but involves the *distribution* of child pornography. They therefore argue that *Stanley's* preclusion of criminalization of private possession of obscene material includes child pornography and that this is still the law of the land. We disagree. *Ferber* was decided 13 years after *Stanley.* In *Ferber,* the Supreme Court stated that it was dealing *for the first time* with its examination of statutes "directed at and limited to depictions of sexual activity involving children." The reasoning set forth in *Ferber* clearly portends its application to private possession of child pornography.

The policy concerns and the state's interest of surpassing importance in protecting children as outlined in *Ferber* applies to private possession of child pornography as well as distribution. The purpose is to eliminate the harm done to children by their involvement in the production of such materials.

Defendant and amicus curiae point out that in *United States v. Thoma,* 726 F.2d 1191 (7th Cir.1984), *cert. denied* 467 U.S. 1228, 104 S.Ct. 2683, 81 L.Ed.2d 878 (1984), the Seventh Circuit explicitly stated that *Stanley* applies to the possession of pedophilia (i.e., child pornography). In *Thoma,* the defendant was charged with mailing obscene materials for sale, the production of which involved use of a minor engaged in sexually explicit conduct. Therefore, the statement in *Thoma* with respect to private possession was pure *dicta.* Although *Thoma* was decided after *Ferber,* the Court did not mention *Ferber* in its opinion. In the case of *United States v. Andersson,* 803 F.2d 903 (7th Cir.1986), *cert. denied* 479 U.S. 1069, 107 S.Ct. 962, 93 L.Ed.2d 1010 (1987), the Seventh Circuit dealt with another case involving private mailings of pedophilic materials. It held that the statute which prohibited private mailings of pedophilic materials did not unconstitution-

ally infringe upon the defendant's right to privacy. The Court stated:

> Thus even *if* Andersson has a right to possess child pornography in his home,[3] that right in no way extends to acquiring or providing such material for private use. [Emphasis added.]

The Court further stated in footnote 3:

> It is not clear to this Court that Andersson possesses such a right. *Stanley* held that the state may not proscribe possession of obscenity in the privacy of the home. According to *Stanley* the State's interest in regulating obscenity (generally protecting the unwilling viewer and public morals) ended at the door of the private home. But the State's interests in regulating child pornography are radically different than those in regulating obscenity. The state's primary concern is protecting the child participants from that type of sexual abuse. The harm inflicted on these children is two-fold. First is the sexual abuse when the film or photograph is initially produced. But that harm continues when these photographs and films are distributed. *Ferber,* 458 U.S. at 759, 102 S.Ct. at 3355; Shouvlin, *Preventing the Sexual Exploitation of Children: A Model Act,* 17 Wake Forest L.Rev. 535, 545 (1981) ('A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography.'). Drying up the market may be the only way to effectively combat the production. *Ferber,* 458 U.S. at 760, 102 S.Ct. at 3356. *Therefore, the State's interests in regulating pedophilic pornography may well extend into the private home.*

803 F.2d at 907 (emphasis added).

In *Andersson,* the Seventh Circuit clearly nullified its *dicta* in *Thoma* with regard to private possession. In *United States v. Twelve 200 Ft. Reels of Super 8mm. Film,* 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973), the Supreme Court stated that *Stanley* is to be considered "explicitly narrow and precisely delineated" and that it

was "not disposed to extend the precise, carefully limited holding of *Stanley.*"

In the case of *State v. Meadows,* 28 Ohio St.3d 43, 503 N.E.2d 697 (1986), *cert. denied* 480 U.S. 936, 107 S.Ct. 1581, 94 L.Ed.2d 771 (1987), the Supreme Court of Ohio held that *Ferber:*

> [E]ssentially holds that states *can* constitutionally define the visual depiction of sexual conduct by children as obscenity without having to satisfy the threshold constitutional test for determining whether the material is obscene.... Henceforth, states may automatically declare such visual depictions of sexual conduct by minors to be obscene and, as such, unprotected by the First Amendment. (Emphasis in original.)

The Ohio Court noted that *Ferber* did not consider the propriety of criminal sanctions involving private possession. The Ohio Court went on to state:

> In recognition of our discussion above, the presumption of constitutionality which blankets legislative enactments, and in light of the Supreme Court's admonition in *Ferber,* 458 U.S. at 756, 102 S.Ct. at 3354 that the 'States are entitled to greater leeway in the regulation of pornographic depictions of children,' we conclude that the competing public policy and constitutional concerns tilt decidedly in favor of sustaining this statute.

503 N.E.2d at 704. The Ohio Supreme Court held that their statute did not violate the First Amendment to the U.S. Constitution as made applicable to the states by the Fourteenth Amendment. The court then observed:

> Ohio's compelling state interests of preserving its childrens' privacy and protecting them from the cruel physiological, mental, and emotional abuse caused by sexual seduction, exploitation, and mistreatment occasioned by child pornography, outweigh appellee's interest in possessing such visual depictions.

Alabama, Illinois, and Washington have also reached the same conclusion. *Felton v. State,* 526 So.2d 635 (Ala.Cr.App.1986), *aff'd,* 526 So.2d 638 (Ala.1988); *People v. Geever,* 122 Ill.2d 313, 119 Ill.Dec. 341, 522

N.E.2d 1200 (1988); *State v. Davis,* 53 Wash.App. 502, 768 P.2d 499 (1989).

In the case of *Bowers v. Hardwick,* 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986), the Court upheld the constitutionality of statutes prohibiting sodomy between consenting adults in the home. The Court stated:

> *Stanley* did protect conduct that would not have been protected outside the home, and it partially prevented the enforcement of state obscenity laws; but the decision was firmly grounded in the First Amendment.... Plainly enough, otherwise illegal conduct is not always immunized whenever it occurs in the home. Victimless crimes, such as the possession and use of illegal drugs, do not escape the law where they are committed at home. *Stanley* itself recognized that its holding offered no protection for the possession in the home of drugs, firearms, or stolen goods....

478 U.S. at 195, 106 S.Ct. at 2846, 92 L.Ed.2d at 148–49.

■ *Ferber* expressly states that child pornography is a category of material outside the protection of the First Amendment of the U.S. Constitution. As noted in *Bowers, Stanley* recognized that its holding offered no protection for possession in the home for drugs, firearms, or stolen goods. Such possessions are not constitutionally protected and they are contraband. We hold that visual or print medium depicting child pornography is in the same class and is therefore contraband, the private possession of which can be constitutionally prohibited and criminalized.

■ Defendant next contends that the possession statute is unconstitutional under Art. 2, § 8, of the Arizona Constitution.[1] He points out that our supreme court has held that the Arizona Constitution is more expansive than its federal counterpart in safeguarding the fundamental liberty of Arizona citizens. *See State v. Ault,* 150 Ariz. 459, 724 P.2d 545 (1986).

Defendant does not claim that the visual or print medium was taken from his home as a result of any unlawful search or seizure. Defendant consented to the search of his home. His assertion is, therefore, based on the premise that criminalization of private possession of child pornography violates his right of privacy under Art. 2, § 8. We disagree. In *State v. Bateman,* 113 Ariz. 107, 111, 547 P.2d 6, 10 (1976), our supreme court stated: *"The right of privacy is not unqualified and absolute and must be considered in the light of important state interests."* [Emphasis added.]

The state has a compelling interest of surpassing importance in preventing the sexual exploitation and abuse of children. In this connection, we requote one part of footnote 3 from *United States v. Andersson.*

> [T]he State's interests in regulating child pornography are radically different than those in regulating obscenity. The state's primary concern is protecting the child participants from that type of sexual abuse. *The harm inflicted on these children is two-fold. First is the sexual abuse when the film or photograph is initially produced. But that harm continues when these photographs and films are distributed. Ferber,* 458 U.S. at 759, 102 S.Ct. at 3355; Shouvlin, *Preventing the Sexual Exploitation of Children: A Model Act,* 17 Wake Forest L.Rev. 535, 545 (1981) ('A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography.'). *Drying up the market may be the only way to effectively combat the production. Ferber,* 458 U.S. at 760, 102 S.Ct. at 3356. *Therefore, the State's interests in regulating pedophilic pornography may well extend into the private home.*

803 F.2d at 907 (emphasis added). In our opinion, drying up the market *is* the only way to effectively combat the production of child pornography.

***

1. "No person shall be disturbed in his private affairs, or his home invaded, without authority of law."

We hold that A.R.S. § 13–3553(A)(2), which prohibits private possession of visual or print medium in which minors are engaged in sexual conduct is constitutional under Art. 2, § 8, of the Arizona Constitution and under the First and Fourteenth Amendments of the U.S. Constitution.

The order of the trial court dismissing the indictment is reversed. This case is remanded to the trial court with directions to reinstate the indictment and for further proceedings consistent with this opinion.

EUBANK, P.J., and BROOKS, J., concur.