[Nos. 18800-3-I; 21035-1-I.   Division One.   January 9, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. KENNETH
JAMES DAVIS, *Appellant*.

*In the Matter of the Personal Restraint of*
KENNETH JAMES DAVIS, *Petitioner*.

*Marc Lampson* of *Washington Appellate Defender
Association*, for appellant.

*Seth R. Dawson, Prosecuting Attorney*, and *Seth Aaron
Fine, Deputy*, for respondent.

WINSOR, J.—Kenneth Davis appeals from a judgment
and sentence entered on a jury verdict finding him guilty of
three counts of indecent liberties; one count of second

degree statutory rape; one count of third degree statutory rape; four counts of bribing a witness; one count of delivering a controlled substance; and one count of possessing depictions of a minor engaged in sexually explicit conduct. Consolidated with his appeal is Davis' personal restraint petition. We affirm the judgment and sentence and dismiss the petition.

In June 1984, C. reported to police that Kenneth Davis, a 57–year–old Marysville resident, had pictures of nude minors in his possession; had supplied her with liquor and marijuana; and had taken pictures of her in various stages of undress. The police promptly obtained and executed a search warrant for Davis' home. Their search resulted in seizure of approximately 78 photographs and hundreds of negatives depicting minor girls undressing, naked and in various stages of undress, in sexual poses, holding objects between their legs, hugging and kissing one another, and engaging in sexual acts.

Several of the girls depicted in the seized photographs cooperated in the police investigation. Their reports led police to file 13 criminal charges against Davis. Eleven of these counts, involving four victims, were tried to a jury.

The jury found Davis guilty on all 11 counts. Using SRA guidelines, the trial court sentenced Davis to a maximum term of 10 years, with a minimum 200–month term. Davis appeals, challenging the constitutionality of RCW 9.68A-.070, the jurisdiction of the court, and the sufficiency of evidence; and alleging instructional error and ineffective assistance of counsel. In his petition, Davis raises additional evidentiary, and prosecutorial and juror misconduct issues.

CONSTITUTIONALITY OF RCW 9.68A.070

Davis was convicted of violating RCW 9.68A.070, which makes it a gross misdemeanor to knowingly possess visual or printed matter depicting a minor[1] engaged in sexually explicit conduct. For purposes of RCW 9.68A.070, sexually

---

[1] A minor is defined as a person under 16 years of age. RCW 9.68A.070(2).

explicit conduct means actual or simulated sexual intercourse, penetration of the rectum or vagina by any object, or certain conduct performed "for the purpose of sexual stimulation of the viewer", *i.e.*, masturbation, sadomasochistic abuse, exhibition of the genitals or unclothed pubic or rectal areas, defecation or urination, and "[t]ouching of a person's clothed or unclothed genitals, pubic area, buttocks, or breast area". RCW 9.68A.011(3).

Davis attacks his conviction under this statute by challenging the provision's constitutionality. He contends that RCW 9.68A.070 violates the constitutional right to privacy, and argues that the statute is overbroad and vague.

## PRIVACY CHALLENGE

■ Although the constitution extends special safeguards to the privacy of the home, *United States v. Orito,* 413 U.S. 139, 142, 37 L. Ed. 2d 513, 93 S. Ct. 2674 (1973), that protection is not without limitation. *Cf. Bowers v. Hardwick,* 478 U.S. 186, 92 L. Ed. 2d 140, 106 S. Ct. 2841 (1986) (constitution does not confer a right to commit sodomy in the home). Thus, although states normally are precluded from criminalizing the possession of obscene matter, *Stanley v. Georgia,* 394 U.S. 557, 22 L. Ed. 2d 542, 89 S. Ct. 1243 (1969), compelling reasons may exist for overriding that preclusion, *Stanley,* 394 U.S. at 568 n.11.

Here, we address whether compelling reasons exist for prohibiting the possession of child pornography. The Supreme Court has recognized that "[t]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." *New York v. Ferber,* 458 U.S. 747, 757, 764, 73 L. Ed. 2d 1113, 102 S. Ct. 3348 (1982) (upholding a statute prohibiting the distribution of child pornography).[2] Therefore, states are allowed

---

[2]Our Legislature also recognizes the importance of protecting children. RCW 9.68A.001 provides in part: "[T]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance. The care of children is a sacred trust and should not be abused by those who seek commercial gain or personal gratification based on the exploitation of children."

"greater leeway in the regulation of pornographic depictions of children." *Ferber,* 458 U.S. at 756. This regulation need not be limited to legally obscene materials, because whether a particular depiction is legally obscene "bears no connection to the issue of whether a child has been physically or psychologically harmed in the production of the work." *Ferber,* 458 U.S. at 761. Instead, legislation prohibiting child pornography need only comply with the requirements that the offense be limited to works that visually depict sexual conduct by children below a specified age, and that criminal responsibility not be imposed without some element of scienter on the part of the defendant.[3] *Ferber,* 458 U.S. at 764–65.

To date, three state courts have considered whether a state's interest in protecting its children justifies proscribing possession of child pornography. Each has held that the state's interest in preserving its children's privacy, and in protecting them from the physiological, mental, and emotional abuse caused by the sexual seduction, exploitation, and mistreatment occasioned by child pornography, justify the privacy invasion caused by the statute. *Felton v. State,* 526 So. 2d 635 (Ala. Crim. App. 1986), *aff'd,* 526 So. 2d 638 (Ala. 1988); *State v. Meadows,* 28 Ohio St. 3d 43, 503 N.E.2d 697 (1986), *cert. denied,* 480 U.S. 936, 94 L. Ed. 2d 771, 107 S. Ct. 1581 (1987); *People v. Geever,* ___ Ill. 2d ___, 522 N.E.2d 1200, *appeal dismissed,* 109 S. Ct. 299 (1988).

We agree with the courts of Alabama, Ohio and Illinois that the state's interest in protecting its children from sexual exploitation is sufficiently compelling to justify prohibiting possession of child pornography. We therefore hold

---

[3]The *Ferber* court formulated the following test for identifying child pornography: "A trier of fact need not find that the material appeals to the prurient interest of the average person; it is not required that sexual conduct portrayed be done so in a patently offensive manner; and the material at issue need not be considered as a whole. We note that the distribution of descriptions or other depictions of sexual conduct, not otherwise obscene, which do not involve live performance or photographic or other visual reproduction of live performances, retains First Amendment protection." 458 U.S. at 764–65.

that RCW 9.68A.070 does not impermissibly violate Davis' constitutional right to privacy.[4]

### OVERBREADTH AND VAGUENESS CHALLENGES

■ Davis also contends that RCW 9.68A.070 is unconstitutionally overbroad and vague. Davis' overbreadth and vagueness arguments are sketchy and confused, and contain only minimal citations to authority. We therefore refuse to reach either of these arguments on the principle that constitutional arguments should not be considered when they have not been adequately briefed. *Spokane v. Taxpayers,* 111 Wn.2d 91, 96, 758 P.2d 480 (1988); *Meyer v. UW,* 105 Wn.2d 847, 855, 719 P.2d 98 (1986).

Accordingly, we hold that RCW 9.68A.070 does not impermissibly infringe Davis' First Amendment rights and affirm his conviction under the statute.

The remainder of this opinion has no precedential value. Therefore, it will not be published, but it has been filed for public record. *See* RCW 2.06.040; CAR 14.

SCHOLFIELD, J., concurs.[5]

---

[4]No issue has been raised regarding whether the photographs submitted to the jury in conjunction with this charge constituted child pornography. We note that the trial judge took precautions to ensure that only photographs "any trier of fact should find pornographic" were so submitted.

[5]Judge Ward Williams signed this opinion prior to his retirement on January 8, 1989.