62 P.3d 929 (2003)
STATE of Washington, Respondent,
v.
David Carson EHLI, Appellant.
No. 20171-6-III.
Court of Appeals of Washington, Division 3, Panel Six.
February 11, 2003.
*930 Neil Presley Cox, Clarkston, for Appellant.
Benjamin C. Nichols, Pros. Atty., Asotin, for Respondent.
SWEENEY, J.
A sentencing court has the discretion to find two or more current offenses to be the "same criminal conduct" provided there is identity of time, place, and victims. Former RCW 9.94A.400(1)(a) (2000) (now RCW 9.94A.589(1)(a)). Here, David Ehli downloaded and transmitted multiple images of different young children having sex with adults. The question is whether the children's lack of knowledge of the downloading or the State's failure to identify the particular victims renders the crime "victimless" for purposes of a "same criminal conduct" determination. It does not. And so we affirm the conviction and sentence.

FACTS
Mr. Ehli assigns no error to any of the court's findings entered following a bench trial on stipulated facts. The findings are, then, verities on appeal,[1] and form the basis of our recitation of the facts here.
The National Missing Children's Clearing House and Missing Exploited Children's Task Force reported to the Asotin County Sheriff's Office that an internet site originating in southeastern Washington was dealing or posting depictions of minors engaged in sexually explicit conduct. The Washington State Patrol's Missing and Exploited Children's Task Force tracked the postings down to the Clarkston residence of David C. Ehli. Police searched the residence pursuant to a warrant.
*931 Ten photographic images were found in Mr. Ehli's possession. Mr. Ehli was informed of his constitutional rights and confessed. He created and operated an internet "club site" where he posted child pornography and solicited children for sex. Mr. Ehli authored and administered the site. A sheriff's investigator downloaded three images from this site to support the dealing charge. That these graphic images constituted child pornography was never at issue.
The State charged Mr. Ehli with three felony counts: sexual exploitation of a minor; dealing in depictions of a minor engaged in sexually explicit conduct, and possession of depictions of a minor engaged in sexually explicit conduct. On December 18, 2000, the State filed an amended information charging Mr. Ehli with seven additional counts of possession of depictions of a minor engaged in sexually explicit conduct.
By agreement, the State dropped the sexual exploitation charge and four counts of possession of depictions. And the dealing and four remaining counts of possession were tried on stipulated facts. Mr. Ehli was convicted of one count of dealing and four counts of possession of depictions.
At sentencing, Mr. Ehli argued that possession of the four photos constituted the same criminal conducta single possession count, not four, for sentencing purposes. But the judge concluded that each possession count involved a depiction of a different juvenile female victim. Mr. Ehli was sentenced to 48 months on an offender score of 4. An offender score of 1 would have given him a standard range of 21 to 27 months.

DISCUSSION
SAME CRIMINAL CONDUCT
Standard of Review. Where, as here, the facts are not disputed, our review is limited to whether the sentencing judge correctly applied the "same criminal conduct" provisions of the sentencing reform act (SRA) to these facts. So our review here is de novo. State v. Avila, 102 Wash.App. 882, 888, 10 P.3d 486 (2000).
Same Criminal Conduct. When imposing a sentence for two or more current offenses,[2] the court determines the sentence range for each current offense by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score. That is, unless the court finds that some or all of the current offenses encompass the "same criminal conduct." Former RCW 9.94A.400(1)(a). Offenses encompassing the same criminal conduct count as one crime. "Same criminal conduct" means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim. Former RCW 9.94A.400(1)(a).
Mr. Ehli does not dispute the finding that different children were depicted in his pictures. He argues that the children were not victims at all under the SRA. Mr. Ehli contends that possession of these materials is a victimless crime because (a) the subjects have no individual subjective awareness of any particular instance of internet downloading, and (b) the State cannot identify the particular victims.
First, the State is not required to establish the identity of the child. RCW 9.68A.110(5).
"[T]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance. The care of children is a sacred trust and should not be abused by those who seek commercial gain or personal gratification based on the exploitation of children." RCW 9.68A.001; State v. Davis, 53 Wash.App. 502, 504 n. 2, 768 P.2d 499 (1989). By defining the crime of "sexual exploitation of a child," chapter 9.68A RCW, the legislature necessarily incorporates the child victim in the definition. The knowing possession of depictions of a minor engaged in sexually explicit conduct constitutes sexual exploitation of a child. RCW 9.68A.070. And pornography is sexual exploitation that victimizes the child. Davis, 53 Wash.App. at 505, 768 P.2d 499; State v. Hicks, 77 Wash.App. 1, 4, 888 P.2d 1235 (1995) ("In most instances, a child who is photographed in a state of undress and *932 whose picture is then disseminated for viewing pleasure is a victim." (dictum)).
Both federal and state jurisdictions have held that children exploited by pornographers are victims who suffer physiological, emotional, and mental damage. New York v. Ferber, 458 U.S. 747, 758, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982); Felton v. State, 526 So.2d 635, 636 (Ala.Crim.App.1986), aff'd, 526 So.2d 638 (Ala.1988). Distribution of the photographs constitutes sexual abuse by creating and distributing a permanent record. Ferber, 458 U.S. at 759-60, 102 S.Ct. 3348. The victim's knowledge that the images are in circulation increases the emotional and psychic harm suffered. Id. at 760 n. 10, 102 S.Ct. 3348.
The images here are actual photographs of living prepubescent children. The photographs graphically depict sexual acts, including penetration by adult male genitalia, upon and by ten different little girls. Mr. Ehli argues that some of these pictures are enduring staples of the child pornography industry that have been passed around since the 1960s and 1970s. But he offers no explanation for his theory that the passage of time diminishes the effects of this crime, compensates children for what their contribution cost them, or moderates the intensity of the state's interest in protecting today's children from the purveyors of this commodity.
Mr. Ehli's "same time and place" contention is also meritless. He argues that all the images could have been downloaded with a single click of the mouse and therefore the "crime" happened at the same time and place. The State presented documentary evidence that the images were downloaded at different times. And the downloading of multiple images of children taken at different times and places does not fit the "same time and place" requirement.
The sentencing court then properly found that these counts did not constitute the same criminal conduct.
"PLEA AGREEMENT"
The State and Mr. Ehli entered into some sort of agreement. But we cannot identify it as anything recognizable under Washington's rules of criminal procedure.
Washington recognizes three possible pleas: (a) not guilty, (b) not guilty by reason of insanity, and (c) guilty. CrR 4.2(a). A conviction may be obtained by means of (a) a jury verdict of guilty, (b) a bench finding of guilty, or (c) the acceptance by the court of a guilty plea. Former RCW 9.94A.030(10) (2000) (now RCW 9.94A.030(11)).
The prosecutor has statutory authority to negotiate with the defense for an agreement whereby the defendant pleads guilty to certain charges and whereby the State either drops other charges or recommends a particular sentence within the standard sentence range. RCW 9.94A.421(5), (2).
If the defendant pleads guilty pursuant to such an agreement, both the defendant and the prosecutor must file with the court their understanding of the defendant's criminal history before the plea is entered. The validity of the agreement may be determined at the same hearing at which the plea is accepted. CrR 4.2(e). If the defendant wishes to take advantage of a plea bargain without admitting guilt, the approved procedure is the Alford plea.[3]
Here, the State agreed to drop a sexual exploitation of a minor charge and four possession of depictions charges and to prosecute a single dealing in depictions and four possessions. The understanding was that the State would recommend the top of the range for the dealing48 months. The four 12-month sentences for the possession counts would be served concurrently.
But Mr. Ehli did not agree to plead guilty to the charges. Instead, the deal was that he would plead not guilty but would submit to a bench trial on stipulated facts. The idea apparently was that this would somehow look better on Mr. Ehli's record. The prosecutor thought they had a deal that Mr. Ehli would serve 48 months.
The matter went to a trial on stipulated facts. The judge went along with and approved the agreement but expressed reservations. He recited a truncated guilty plea *933 advisement of rights being waived, including the right to a jury and to appeal a finding of guilt.
At sentencing Mr. Ehli's lawyer explained that the defense had not agreed to the 48 months after all. He reserved the right to challenge the offender score and the sentence. And he made the "same criminal conduct" argument we outlined here. The court rejected it, and sentenced Mr. Ehli to 48 months with an offender score of 4.
Mr. Ehli did not agree to plead guilty. But even if he had, his guilty plea would have left intact his right to challenge the sentence generally and the calculation of the offender score in particular. The agreement just postponed argument on the issue of same criminal conduct for appeal.
The bottom line for us is that the agreement probably did not make any difference.
The conviction and sentence are affirmed.
WE CONCUR: SCHULTHEIS and KURTZ, JJ.
NOTES
[1] State v. Hill, 123 Wash.2d 641, 644, 870 P.2d 313 (1994).
[2] With non-germane exceptions. Former RCW 9.94A.400(1)(a).
[3] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).