[No. 52478-0-I.   Division One.   April 5, 2004.]

HARRY A. OWENS, *Appellant*, v. MAX HARRISON, ET AL., *Respondents*.

910

*Charles D. Williams*, for appellant.

*David L. Martin* and *Alison H. Killebrew* (of *Lee Smart Cook Martin & Patterson*), for respondents.

AGID, J. — Harry Owens appeals a trial court order dismissing his malpractice action on summary judgment. He asserts the court erred by requiring him to allege and prove he was innocent of the crime for which he was convicted as part of his criminal malpractice claim and by dismissing his breach of contract claim without a legal basis. But because we adhere to the rule that a criminal malpractice plaintiff must demonstrate his innocence and Owens' claim is in tort rather than contract, we affirm.

## FACTS

In January 1996, Harry Owens was charged with one count of second degree child molestation and one count of second degree incest. The standard sentence range for these charges is 31 to 41 months of incarceration. Owens retained attorney Max Harrison to defend him. After it filed the information, the State attempted to bargain with Owens for a plea and threatened to add two counts of second degree child molestation if he did not accept its plea offers. One of the offers included a special sex offender sentencing alternative (SSOSA)[1] recommendation. Owens failed to respond, and in April 1996, the State charged him with two additional counts of second degree child molestation. With these

---

[1] *See* RCW 9.94A.670. A SSOSA allows a defendant to enter treatment in lieu of some portion of his prison sentence.

additional charges, the standard sentence range increased to 87 to 116 months of incarceration.

Owens rejected the plea offers because Harrison inaccurately told him he had a strong defense and a good chance of prevailing at trial. Harrison never advised Owens of the possibility of an *Alford* plea[2] or a stipulated trial and not until the day of trial did he tell Owens that he would likely be convicted. At that point, Owens pled guilty to all four counts. The trial court sentenced Owens to 110 months in prison.

After sentencing, Owens retained a new attorney and filed a Personal Restraint Petition alleging ineffective assistance of counsel. He argued that he would have accepted the State's initial plea offer if he had known that he was facing almost 10 years in prison. We remanded the petition to the trial court for findings about the adequacy of Harrison's legal advice. The trial court found that Harrison failed to fully and timely advise Owens of the State's plea offer or of a possible *Alford* plea or stipulated trial. It also found there was a reasonable probability that Owens would have pled guilty to the original charges, drastically reducing his sentence, if Harrison had timely informed him of his poor defense, high conviction possibility, and plea bargain opportunity. The court concluded that these failures constituted ineffective assistance of counsel. Based on the trial court's findings, we reversed Owens' convictions on the third and fourth counts and remanded the first two counts for resentencing. In March 1999, the trial court sentenced Owens to the 30 months he already served and released him.

In September 1999, Owens filed this action against Harrison for legal malpractice and breach of contract. Owens alleges damages including the lost opportunity for a SSOSA, the "many thousands of dollars" paid to Harrison,

---

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). An *Alford* plea enables a defendant to take advantage of a plea bargain without admitting guilt. *State v. Ehli*, 115 Wn. App. 556, 562, 62 P.3d 929 (2003) (citing *Alford*).

and the approximately $40,000 he incurred in postconviction legal fees. In May 2003, the trial court granted summary judgment for Harrison and dismissed the case.

## DISCUSSION

In reviewing a trial court's decision to grant summary judgment, we review questions of law de novo.[3]

## I. Criminal Malpractice

The trial court relied on the innocence requirement enunciated in *Falkner v. Foshaug*[4] to dismiss Owens' criminal malpractice claim.[5] In *Falkner*, we held that in addition to the elements of a civil legal malpractice claim, a criminal malpractice plaintiff must demonstrate a successful postconviction challenge and prove his innocence by a preponderance of the evidence.[6] "The public policy behind this requirement is that '[r]egardless of the attorney's negligence, a guilty defendant's conviction and sentence are the direct consequence of his own perfidy,' and, thus, cannot be the basis for civil damages."[7] Owens did have a successful postconviction challenge to a portion of his conviction.[8] But he cannot satisfy the innocence requirement because he pled guilty to two charges, and he does not claim to be innocent. Accordingly, his criminal malpractice claim cannot survive summary judgment.

---

[3] *Mains Farm Homeowners Ass'n v. Worthington*, 121 Wn.2d 810, 813, 854 P.2d 1072 (1993).

[4] 108 Wn. App. 113, 29 P.3d 771 (2001).

[5] "Criminal malpractice" refers to legal malpractice that occurs when an attorney defends a criminal defendant. *Id.* at 118 n.6 (citing Otto M. Kraus & Ronald E. Mallen, *The Misguiding Hand of Counsel—Reflections on "Criminal Malpractice*," 21 UCLA L. Rev. 1191 n.2 (1974)).

[6] *Id.* at 119; *Ang v. Martin*, 118 Wn. App. 553, 558, 76 P.3d 787 (2003).

[7] *Falkner*, 108 Wn. App. at 120 (alteration in original) (quoting *Wiley v. County of San Diego*, 19 Cal. 4th 532, 539, 966 P.2d 983, 79 Cal. Rptr. 2d 672 (1998)).

[8] The parties do not address and we do not decide whether this is sufficient to satisfy *Falkner*'s postconviction relief requirement.

■ Owens argues that *Falkner* does not apply here. He asserts that the rationale behind the innocence requirement is collateral estoppel and, because he is not claiming to be innocent, the rationale does not apply. But Owens misinterprets *Falkner*. In *Falkner*, we clearly held that a criminal malpractice plaintiff must demonstrate innocence[9] on a public policy basis entirely unrelated to collateral estoppel. *Falkner* discussed collateral estoppel only in the context of deciding whether a defendant who enters an *Alford* plea has the opportunity to fully and fairly litigate his guilt.[10] If so, collateral estoppel would prevent him from later claiming to be innocent.[11] In other words, collateral estoppel may prevent a plaintiff from satisfying the innocence requirement; it does not change or affect the innocence requirement itself. Owens did not enter an *Alford* plea, so this discussion is not relevant to the facts presented here.

■ Owens next asks us to carve out an exception to the innocence requirement where defense counsel fails to convey a plea offer and, as a result, the defendant receives an increased sentence. Owens cites footnote 11 in *Falkner* to support this proposal. That footnote recognizes that the Michigan and Ohio Supreme Courts have refused to impose an innocence requirement where defense counsel failed to convey an offer of immunity and a plea offer respectively.[12] But the Michigan and Ohio cases did not address the public policy rationale upon which we specifically based our holding in *Falkner*. Footnote 11 simply commented on other jurisdictions' rejection of the innocence requirement, a requirement we nonetheless decide to adopt.[13]

---

[9] *Falkner*, 108 Wn. App. at 124.

[10] *Id.* at 120-23.

[11] *Id.*

[12] *Id.* at 119 n.11 (citing *Gebhardt v. O'Rourke*, 444 Mich. 535, 510 N.W.2d 900 (1994); *Krahn v. Kinney*, 43 Ohio St. 3d 103, 538 N.E.2d 1058 (1989)).

[13] *Id.* at 123-24.

*Falkner* requires a criminal malpractice plaintiff to establish actual innocence for public policy reasons,[14] and we see no reason to depart from that holding here. Because Owens fails to allege or establish his innocence, the trial court properly granted summary judgment.

## II. Breach of Contract

Owens also argues that the trial court erred by dismissing his breach of contract claim on summary judgment. Harrison counters that the claim was properly dismissed because it is based on a breach of the standard of care rather than on a failure to perform under the contract.

■ Whether an action is in contract or tort depends on the pleadings and evidence relied on.[15] "An action sounds in contract when the act complained of is a breach of a specific term of the contract, without reference to the legal duties imposed by law on that relationship."[16] If the tortious breach of a duty, rather than a breach of a contract, gives rise to the cause of action, the claim is not properly characterized as breach of contract.[17] For example, an attorney who agrees to draft a will for a client breaches the client contract by failing to draft the will.[18] But if the attorney drafts the will negligently, the client has a tort

---

[14] *See id.* ("Requiring a defendant to prove by a preponderance of the evidence that he is innocent of the charges against him will prohibit criminals from benefiting from their own bad acts, maintain respect for our criminal justice system's procedural protections, remove the harmful chilling effect on the defense bar, prevent suits from criminals who 'may be guilty, [but] could have gotten a better deal,' and prevent a flood of nuisance litigation.") (alteration in original) (footnotes omitted) (quoting *Stevens v. Bispham*, 316 Or. 221, 851 P.2d 556, 565 (1993)).

[15] *G.W. Constr. Corp. v. Prof'l Serv. Indus., Inc.*, 70 Wn. App. 360, 364, 853 P.2d 484 (1993) (citing *Thao v. Control Data Corp.*, 57 Wn. App. 802, 790 P.2d 1239 (1990)), *review denied*, 123 Wn.2d 1002 (1994).

[16] *Id.* (citing *Yeager v. Dunnavan*, 26 Wn.2d 559, 562, 174 P.2d 755 (1946)).

[17] *Id.*

[18] *Id.* at 366.

claim even though the attorney drafted the will and did not breach the contract.[19]

■ Here, Owens claims he entered into a contract for legal services with Harrison but Harrison "failed to perform the services in the nature and extent required, and thus materially breached his contract obligations." Owens does not allege that Harrison failed to perform *any* services. Nor does he allege that Harrison breached a specific term of the contract or that the contract contained an implied term of competent representation. Rather, he claims that Harrison failed to exercise the necessary degree of care owed by an attorney to his client. Accordingly, it is a tort action and the trial court did not err by dismissing Owens' breach of contract claim.

We affirm.

GROSSE and SCHINDLER, JJ., concur.

---

[19] *Id.*