[No. 52614-6-I.   Division One.   February 14, 2005.]

CLINT L. POWELL, *Appellant*, v. ASSOCIATED COUNSEL FOR THE ACCUSED, ET AL., *Respondents*.

774

*Larry J. Landry*, for appellant.

*Christopher H. Howard* (of *Holland Knight, L.L.P.*), for respondents.

¶1 KENNEDY, J. — Clint Powell appeals the trial court's order granting a defense CR 12(b)(6) motion and dismissing his legal malpractice claim against the attorneys who represented him in a criminal matter because he failed to allege and could not prove his innocence after pleading guilty to a crime. Powell pleaded guilty to solicitation to deliver a material in lieu of a controlled substance, in violation of RCW 69.50.401(c). This offense is a gross misdemeanor, for which the maximum term of confinement is one year. But at the sentencing hearing, Powell was erroneously sentenced for a Class C felony to 38.25 months of confinement. When he discovered the error, Powell filed a personal restraint petition. Our Supreme Court granted the petition because the trial court had imposed a sentence beyond its authority and remanded for resentencing for the gross misdemeanor. But by the time that Powell was released from prison, he had been incarcerated for over 20 months. On these facts, we conclude that the innocence requirement articulated in *Falkner v. Foshaug*, 108 Wn. App. 113, 29 P.3d 771 (2001) and its progeny—*Ang v. Martin*, 118 Wn. App. 553, 76 P.3d 787 (2003), *review granted*, 151 Wn.2d 1039, 95 P.3d 352 (2004), and *Owens v. Harrison*, 120 Wn. App. 909, 86 P.3d 1266 (2004)—does not require dismissal of the lawsuit as a matter of law. Accordingly, we reverse the trial court's order and reinstate the legal malpractice lawsuit.

## I

¶2 Attorneys Todd Gruenhagen and George Eppler of Associated Counsel for the Accused represented Clint Powell in the criminal matter. After his release from unlawful restraint, Powell filed a complaint against Gruenhagen, Eppler, and Associated Counsel for the Accused, alleging legal malpractice and claiming damages for the amount of time that he was incarcerated in excess of the 12 months allowed by law. The defendants moved to dismiss under CR 12(b)(6), arguing that Powell could not maintain a criminal legal malpractice claim because he failed to allege and could not prove his innocence as required by *Falkner v. Foshaug*. The trial court granted the defense motion, dismissing Powell's complaint with prejudice. Powell appeals, arguing that *Falkner* and its progeny are distinguishable.

## II

■ ■ ¶3 This court reviews de novo a trial court's decision to dismiss a complaint under CR 12(b)(6) for failure to state a claim for which relief may be granted. *Reid v. Pierce County*, 136 Wn.2d 195, 200-01, 961 P.2d 333 (1998). Dismissal is appropriate "only if it appears beyond doubt that the plaintiff cannot prove any set of facts which would justify recovery." *Tenore v. AT&T Wireless Servs.*, 136 Wn.2d 322, 329-30, 962 P.2d 104 (1998) (citations omitted). When reviewing a dismissal under CR 12(b)(6), the plaintiff's allegations are presumed to be true and the court may consider hypothetical facts not included in the record. *Id.* at 330.

■ ¶4 In *Falkner v. Foshaug* this court held that in addition to the elements of a civil legal malpractice claim, a plaintiff alleging legal malpractice occurring during representation in a criminal matter must (1) establish post-conviction relief and (2) demonstrate his innocence by a preponderance of the evidence. The innocence requirement is based on a public policy determination that " '[r]egardless

of the attorney's negligence, a guilty defendant's conviction and sentence are the direct consequence of his own perfidy,' and thus, cannot be the basis for civil damages." *Falkner*, 108 Wn. App. at 120 (alteration in original) (footnote omitted) (quoting *Wiley v. County of San Diego*, 19 Cal. 4th 532, 966 P.2d 983, 987, 79 Cal. Rptr. 2d 672 (1998)).

> Requiring a defendant to prove by a preponderance of the evidence that he is innocent of the charges against him will prohibit criminals from benefiting from their own bad acts, maintain respect for our criminal justice system's procedural protections, remove the "harmful chilling effect" on the defense bar, prevent suits from criminals who "may be guilty, [but] could have gotten a better deal," and prevent a flood of nuisance litigation.

108 Wn. App. at 123-24 (footnotes omitted) (quoting *Stevens v. Bispham*, 316 Or. 221, 851 P.2d 556, 565 (1993)).

¶5 Powell contends that the innocence requirement in *Falkner* should not apply here because he is not alleging that his attorneys' actions caused him to be convicted of a crime that he did not commit, but that by failing to meet the requisite standard of care, his attorneys caused him to serve over eight months in prison beyond the maximum sentence for his crime. To support his contention that application of the rule to his case would be unfair, Powell refers to authorities considered in *Falkner*: *Gebhardt v. O'Rourke*, 444 Mich. 535, 510 N.W.2d 900 (1994), *Krahn v. Kinney*, 43 Ohio St. 3d 103, 538 N.E.2d 1058 (1989), and Susan M. Treyz, *Criminal Malpractice: Privilege of the Innocent Plaintiff?*, 59 FORDHAM L. REV. 719 (1991). *Falkner*, 108 Wn. App. at 119 n.11 (noting Michigan and Ohio courts refused to impose innocence requirement where defense counsel failed to convey immunity offer and plea offer and citing Treyz article as example of commentators who have "criticized the innocence requirement as unnecessary and unfair"); *but see Owens v. Harrison*, 120 Wn. App. 909, 914, 86 P.3d 1266 (2004) (noting that Michigan and Ohio cases did not address public policy rationale supporting holding in *Falkner*).

¶6 The Respondents point out that in the *Wiley* opinion, cited repeatedly with approval in *Falkner*, the California court reviewed the difference between criminal and civil legal malpractice claims and the public policy rationale for the innocence requirement in criminal malpractice claims, and observed that where criminal defense attorneys are negligent, whether at trial or concerning sentencing matters or plea bargaining, "postconviction relief will provide what competent representation should have afforded in the first instance: dismissal of the charges, a reduced sentence, an advantageous plea bargain." *Wiley*, 19 Cal. 4th at 542-43. "If the defendant has in fact committed a crime, the remedy of a new trial or other relief is sufficient reparation in light of the countervailing public policies and considering the purpose and function of constitutional guaranties." *Id.* at 543. Because by pleading guilty Powell admitted that he is guilty of a crime, respondents argue that his remedies for any attorney error at sentencing are limited to those available within the criminal justice system—such as the personal restraint petition by which Powell won his release from unlawful restraint.

¶7 Although we have no particular quarrel with the innocence requirement generally, we agree with Powell that its application in this case is unfair. And we observe that postconviction relief, in this instance, has not entirely provided Powell with what competent representation arguably should have afforded in the first instance. Powell has served substantially more time than the trial court was authorized to impose for a gross misdemeanor. We conclude that blind application of the innocence requirement to the facts of this case would go beyond the public policy to be served by the innocence requirement.

¶8 The policy to be served is that regardless of the attorney's negligence, a guilty defendant's conviction and sentence are the direct result of his own perfidy, and no one should be permitted to take advantage of his own wrong. *Wiley*, 19 Cal. 4th at 539. But "an innocent person wrongfully convicted due to inadequate representation has suf-

fered a compensable injury because in that situation the nexus between the malpractice and palpable harm is sufficient to warrant a civil action, however inadequate, to redress the loss." *Id.* (citation omitted).

¶9 Powell's situation is closer to that of an innocent person wrongfully convicted than of a guilty person attempting to take advantage of his own wrongdoing. Powell has no quarrel with having been incarcerated for the period of time justified by the gross misdemeanor that he pleaded guilty to having committed. In sum, we decline to extend the innocence requirement to these facts, for to do so would not serve the public policy pronounced in *Wiley* and adopted in *Falkner* and its progeny here in Washington.

¶10 Reversed and remanded for reinstatement of Powell's legal malpractice claim.

BAKER and BECKER, JJ., concur.

Review granted and case remanded to the Court of Appeals at 155 Wn.2d 1024 (2005).