129 P.3d 831 (2006)
131 Wash.App. 810
Clint L. POWELL, individually, Appellant,
v.
ASSOCIATED COUNSEL FOR the ACCUSED, aka ACA, a Washington State Corporation, Todd M. Gruenhagen and Jane Doe Gruenhagen, husband and wife and the marital community composed thereof, George Eppler and Jane Doe Eppler, husband and wife and the marital community composed thereof, John Doe 1-4, Respondents.
No. 52614-6-I.
Court of Appeals of Washington, Division 1.
March 6, 2006.
Larry James Landry, Attorney at Law, Seattle, WA, for Appellant.
Clint L. Powell, Appearing Pro Se.
Christopher Holm Howard, Holland Knight LLP, Seattle, WA, for Respondent.
BAKER, J.
¶ 1 On February 14, 2005, we reversed the trial court's order dismissing Clint Powell's legal malpractice claim against the attorneys who represented him in a criminal matter.[1] We held that the innocence requirement articulated in Falkner v. Foshaug[2] does not require dismissal of Powell's lawsuit. Subsequently, our Supreme Court granted the defendants' petition for review and remanded Powell's appeal for reconsideration in light of Ang v. Martin.[3] Because the reasons articulated in Ang for requiring a plaintiff to prove his innocence as part of a *832 legal malpractice claim are not applicable in Powell's situation, we reaffirm our prior opinion.

I.
¶ 2 While represented by attorneys employed by Associated Counsel for the Accused, Powell pleaded guilty to solicitation to deliver a material in lieu of a controlled substance, in violation of RCW 69.50.401(c). This offense is a gross misdemeanor, for which the maximum term of confinement is one year. But at the sentencing hearing, Powell was erroneously sentenced for a Class C felony to 38.25 months of confinement. When he discovered the error, Powell filed a personal restraint petition. Our Supreme Court granted the petition because the trial court had imposed a sentence beyond its authority, and remanded for resentencing. However, by the time Powell was released from prison, he had been incarcerated for over 20 months.
¶ 3 After his release, Powell filed a complaint against his attorneys, alleging legal malpractice and claiming damages for the amount of time that he was incarcerated in excess of the 12 months allowed by law. The defendants moved to dismiss under CR 12(b)(6), arguing that Powell could not maintain a criminal legal malpractice claim because he failed to allege and could not prove his innocence as required by Falkner. The trial court granted the defense motion, dismissing Powell's complaint with prejudice.
¶ 4 Powell appealed, arguing that Falkner and its progeny are distinguishable. We agreed, reversed the court's order of dismissal, and remanded the case for reinstatement of Powell's legal malpractice claim.[4] After deciding Ang, our Supreme Court granted Powell's petition for review and remanded his appeal for reconsideration.

II.
¶ 5 We review de novo a trial court's decision to dismiss a complaint under CR 12(b)(6) for failure to state a claim for which relief may be granted.[5]
¶ 6 In Falkner, this court held that in addition to the elements of a civil legal malpractice claim, a plaintiff alleging legal malpractice occurring during representation in a criminal matter must (1) establish postconviction relief and (2) demonstrate his innocence by a preponderance of the evidence.[6] In Ang, our Supreme Court cited the Falkner opinion approvingly and concluded that a plaintiff in a malpractice suit stemming from a criminal matter must prove that he was actually innocent of the underlying criminal charges.[7]
¶ 7 But neither Falkner nor Ang requires dismissal of Powell's complaint. In those cases, the plaintiffs' allegations of malpractice stemmed from the defendants' representation during the guilt or innocence phase of the plaintiffs' criminal trials.[8] In contrast, Powell does not contest his guilt, and the allegations of malpractice stem entirely from his attorneys' failure to object to the court sentencing him to a much longer sentence than allowed by law. The justifications for requiring proof of actual innocence do not apply to Powell's case.
¶ 8 In Ang, the court explained that proving actual innocence is necessary to establish causation:
Unless criminal malpractice plaintiffs can prove by a preponderance of the evidence *833 their actual innocence of the charges, their own bad acts, not the alleged negligence of defense counsel, should be regarded as the cause in fact of their harm. Likewise, if criminal malpractice plaintiffs cannot prove their actual innocence under the civil standard, they will be unable to establish, in light of significant public policy considerations, that the alleged negligence of their defense counsel was the legal cause of their harm.[9]
Powell will not face the same challenges in establishing causation. He served the maximum sentence for the crime he committed. The harm caused by his unlawful restraint was not the direct consequence of his own bad act.
¶ 9 Citing Falkner, our Supreme Court noted five policy-based reasons for the actual innocence requirement: (1) to prohibit criminals from benefiting from their own bad acts; (2) to maintain respect for our criminal justice system's procedural protections; (3) to remove the harmful chilling effect on the defense bar; (4) to prevent lawsuits from criminals who may be guilty, but could have gotten a better deal; and (5) to prevent a flood of nuisance litigation.[10] None of these policy concerns are implicated by Powell's lawsuit.
¶ 10 Powell will not benefit from his own bad act. He paid for his crime by serving the maximum prison sentence that could be lawfully imposed. His unlawful restraint beyond that period was not a consequence of his own actions.
¶ 11 Powell's legal malpractice action does not discount or compete with the procedural protections afforded by our criminal justice system. Powell secured his release from unlawful restraint using criminal justice procedures. However, the criminal justice system provides no remedy for the harm Powell suffered by serving eight months longer than the crime required.
¶ 12 Permitting Powell's lawsuit will not have a chilling effect on the defense bar. Powell's claim presents a particularly egregious allegation of attorney negligence  failure to advise the court that it was sentencing Powell for a felony, when he committed a misdemeanor. We do not imagine that this is a common oversight by defense attorneys. Carving a narrow exception to the rule requiring proof of actual innocence will not dissuade attorneys from pursuing careers in criminal defense.
¶ 13 This is not a situation where the guilty criminal simply "could have gotten a better deal."[11] Powell was entitled to be lawfully sentenced. There was no authorization for the court to issue a sentence longer than 12 months.
¶ 14 Finally, recognizing a limited exception to the rule requiring proof of actual innocence should not cause a flood of nuisance litigation. The highly unusual facts of this case, whereby an egregious error by defense counsel allowed a defendant to be sentenced to a term substantially longer than the maximum term allowed by statute, and the defendant actually served time in prison beyond the correct maximum term, are not likely to occur with any frequency.
¶ 15 Powell's case is more akin to that of an innocent person wrongfully convicted than of a guilty person attempting to take advantage of his own wrongdoing. Therefore, under the facts of this case, we adopt a very limited exception to the rule requiring proof of actual innocence in a legal malpractice case stemming from a criminal matter.
¶ 16 REVERSED and REMANDED.
WE CONCUR: BECKER and AGID, JJ.
NOTES
[1] Powell v. Associated Counsel for the Accused, 125 Wash.App. 773, 106 P.3d 271 (2005).
[2] 108 Wash.App. 113, 29 P.3d 771 (2001).
[3] 154 Wash.2d 477, 114 P.3d 637 (2005).
[4] Powell, 125 Wash.App. at 778, 106 P.3d 271.
[5] Reid v. Pierce County, 136 Wash.2d 195, 200-01, 961 P.2d 333 (1998).
[6] Falkner, 108 Wash.App. at 123, 29 P.3d 771.
[7] Ang, 154 Wash.2d at 486, 114 P.3d 637. Legal innocence, which pertains to innocence that is determined by the trier of fact in a criminal trial, is different than actual innocence. Actual innocence is determined by a preponderance of the evidence by the trier of fact during the civil malpractice trial. Ang, 154 Wash.2d at 484, 114 P.3d 637.
[8] Ang, 154 Wash.2d at 480, 114 P.3d 637 (alleging malpractice against the defendants for recommending that the plaintiffs accept a plea agreement, although the government had not met its burden of proof and the plaintiffs received no material benefit); Falkner, 108 Wash. App. at 116-17, 29 P.3d 771 (alleging malpractice against his former attorney after plaintiff's conviction was vacated due to ineffective assistance of counsel).
[9] Ang, 154 Wash.2d at 485, 114 P.3d 637.
[10] Ang, 154 Wash.2d at 484-85, 114 P.3d 637 (citing Falkner, 108 Wash.App. at 123-24, 29 P.3d 771).
[11] Ang, 154 Wash.2d at 485, 114 P.3d 637 (quoting Falkner, 108 Wash.App. at 123-24, 29 P.3d 771).