# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DEBORAH OSBORNE, | No. 56121-2-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| THADDEUS MARTIN, | |
| Respondent. | |

CRUSER, A.C.J.—Thaddeus Martin was Deborah Osborne's attorney in a lawsuit against The Boeing Company (Boeing). All of Osborne's claims against Boeing were dismissed. Almost five years later, Osborne sued Martin, alleging that he breached the contract to represent her in the underlying litigation. Martin successfully moved for summary judgment after arguing that Osborne's claim sounded in tort, not contract, and was therefore barred by the applicable statute of limitations.

Osborne appeals, arguing that the trial court erred by granting summary judgment to Martin and by denying her subsequent motion for a new trial judge. We hold that Osborne's arguments are without merit and, therefore, affirm.

## FACTS

In 2014, Osborne and Martin entered into an agreement for Martin to represent Osborne in a discrimination and retaliation lawsuit against Boeing. Following two motions to dismiss and a

motion for summary judgment, all of Osborne's claims against Boeing were dismissed. Osborne filed an appeal with the Ninth Circuit Court of Appeals, but, apparently at Osborne's request, Martin withdrew as counsel prior to the filing of her opening brief in that court in 2016.

In March 2021, Osborne sued Martin, claiming breach of contract regarding Martin's legal representation in the lawsuit against Boeing. In her complaint, Osborne alleged that Martin failed to engage in discovery, which led to his inability to factually develop her case. Based on this failure, Osborne further alleged that Martin failed "to provide competent representation to a client." Clerk's Papers (CP) at 11.

In May 2021, Martin moved for summary judgment, arguing that Osborne's claim sounded in tort, rather than contract, and was therefore barred by the applicable three-year statute of limitations. In response, Osborne argued that Martin breached the following terms of their contract: "Client retains [Martin] to represent the Client in a Discrimination and Retaliation claim that occurred ongoing" and "Client authorized [Martin] to take all steps in this matter deemed by [Martin] to be advisable." *Id.* at 36 (emphasis omitted). Elsewhere in her response, Osborne argued that "Martin's representation fell below the standard of care, and he is not entitled to judgment as a matter of law."[1] *Id.* at 32.

A few days prior to the hearing, the parties were informed that a different judge—Judge Rumbaugh—would be hearing Martin's motion due to a heavy civil motion docket. Pursuant to an emergency order allowing the trial court to decide the motion on the pleadings, the court issued a

---

[1] Osborne made a similar statement later in her motion for reconsideration: "Martin's representation fell below the standard of care to do what would be considered appropriate and prudent for his client." CP at 342.

decision without oral argument. The court granted Martin's motion for summary judgment in an order dated July 22, 2021.

Five days later, Osborne filed a notice to disqualify Judge Rumbaugh pursuant to RCW 4.12.050.[2] The court denied the notice because Judge Rumbaugh had already made a discretionary ruling in the case. Osborne then filed a motion for a new trial judge and a motion for reconsideration of the court's ruling on summary judgment. The court denied both motions.

Osborne appeals, arguing that the court erred by granting summary judgment to Martin and by denying her motion for a new trial judge.

## DISCUSSION

### DISMISSAL OF BREACH OF CONTRACT CLAIM

Osborne argues that the trial court improperly granted summary judgment to Martin before certain case deadlines and before the parties were able to engage in discovery. Martin argues that the trial court properly recognized that Osborne's claims sound in tort, not in contract, and were therefore time barred. We agree with Martin.

### A. STANDARD OF REVIEW

" 'We review summary judgment motions de novo, engaging in the same inquiry as the trial court.' " *Vargas v. Inland Wash., LLC*, 194 Wn.2d 720, 728, 452 P.3d 1205 (2019) (quoting *Afoa v. Port of Seattle*, 176 Wn.2d 460, 466, 296 P.3d 800 (2013)). Summary judgment is appropriate when the record demonstrates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). We view disputed facts and all

---

[2] RCW 4.12.050 provides that any party or attorney in an action may disqualify a judge from the proceedings so long as the notice of disqualification is "filed and called to the attention of the judge before the judge has made any discretionary ruling in the case."

reasonable inferences therefrom in the light most favorable to the nonmoving party. *Meyers v. Ferndale Sch. Dist.*, 197 Wn.2d 281, 287, 481 P.3d 1084 (2021).

B. LEGAL PRINCIPLES

We determine whether an action sounds in tort or in contract based on the pleadings and evidence relied on. *G.W. Const. Corp. v. Prof. Serv. Indus., Inc.*, 70 Wn. App. 360, 364, 853 P.2d 484 (1993). "An action sounds in contract when the act complained of is a breach of a specific term of the contract, without reference to the legal duties imposed by law on that relationship." *Id.* If the cause of action arises from the tortious breach of a duty, rather than the breach of a contractual term, "the claim is not properly characterized as breach of contract." *Owens v. Harrison*, 120 Wn. App. 909, 915, 86 P.3d 1266 (2004). For example,

> [A]n attorney who agrees to draft a will for a client breaches a contract with the client by failing to do so. However, if the attorney drafts the will and negligently omits having its execution properly witnessed, the attorney would be liable in tort for professional malpractice. No breach of contract action would lie even though the will would not be valid if its execution were not witnessed.

*G.W.*, 70 Wn. App. at 366.

The court in *Owens* drew on this example when affirming dismissal of a breach of contract claim brought by a criminal defendant against his former attorney. 120 Wn. App. at 915-16. The court explained that the claim sounded in tort because Owens claimed that the attorney "failed to exercise the necessary degree of care owed by an attorney to his client" rather than alleging the attorney failed to perform any services whatsoever, or that there was a specific term of the contract breached by the attorney. *Id.* at 916.

C. ANALYSIS

Osborne does not provide any argument on the issue of whether her claim is properly characterized as a breach of contract claim as opposed to a tort claim, subject to a shorter statute of limitations. She states that Martin "breached his contract to represent Osborne[ ]" in the underlying case against Boeing, but, similar to the plaintiff in *Owens*, does not point to any specific contractual provision breached. Amend. Br. of Appellant at 22. Rather, her complaint is that Martin failed to engage in timely discovery in order to support her claims. This does not suggest that Martin failed to perform any services, but suggests that Osborne is dissatisfied with the services performed by Martin.

In fact, Osborne's pleadings at the trial court argued that Martin did not exercise the duty of care. *See* CP at 11 (complaint alleging that Martin did not provide "competent representation to a client."), 32 ("Martin's representation fell below the standard of care, and he is not entitled to judgment as a matter of law."), 342 ("Martin's representation fell below the standard of care to do what would be considered appropriate and prudent for his client."). Because Osborne's claim concerns the standard of care exercised by Martin during the course of the representation, her claim is not properly characterized as a breach of contract, and it was not error for the trial court to grant Martin's motion for summary judgment on the basis that the statute of limitations had expired. *See Owens*, 120 Wn. App. at 915; *G.W.*, 70 Wn. App. at 364.

Osborne appears to argue that there was not sufficient information before the trial court in order for the court to decide the motion and that, therefore, it was error for the trial court to grant the motion. However, the issue raised in Martin's motion for summary judgment did not require the court to review the merits of Osborne's claim; rather, the court needed to analyze her claim to

determine how it should be properly characterized for purposes of the statute of limitations. Osborne's arguments attempting to litigate both her claim against Martin and the underlying case against Boeing do not create any material issue of fact as to whether her claim is properly characterized as a breach of contract claim. Accordingly, we affirm the trial court's order granting summary judgment.

D. NO DEPRIVATION OF DUE PROCESS

Osborne alludes to the denial of due process several times throughout her brief, but to the extent any argument is provided on this issue, it appears to be cabined to the idea that she was deprived of a trial, " 'a basic requirement of due process.' " Amend. Br. of Appellant at 40. Osborne does not demonstrate that the court's grant of summary judgment, a common procedure in civil litigation, denied her due process simply because she did not get a trial.

To the extent that Osborne's due process argument is based on the process by which the trial court decided the motion, she has not shown any deprivation of due process based on the court's transfer of the motion based on a heavy caseload or the court's decision to hear the motion on the pleadings pursuant to the court's emergency order allowing it to do so.

E. MOTION FOR NEW TRIAL JUDGE AND FOR RECONSIDERATION

Osborne additionally complains that the trial court denied her motion for a new judge and her motion for reconsideration. To the extent that we are able to grant Osborne any relief on her request for a new judge, this would only be necessary if we determined that the court improperly granted summary judgment to Martin, requiring further proceedings at the trial court. But, given our conclusion that it was proper for the court to grant Martin's motion for summary judgment, any consideration of this claim would be fruitless. Regardless, Osborne's argument appears to

merely ask why the trial court made these decisions and does not contain any argument about why the court's decisions were in error. Accordingly, we affirm these orders.[3][4][5]

CONCLUSION

We hold that Osborne has not established any error by the trial court and, therefore, affirm the trial court's orders granting Martin's motion for summary judgment and denying her motion for a new trial judge.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

---

[3] Osborne makes additional arguments for which she provides inadequate argument: She argues that Martin's motion itself was improper because it interfered with the civil case schedule set by the court after the complaint had been filed and because no final order had been issued pursuant to "Rule 60(b)." Amend. Br. of Appellant at 39. She also argues that the trial court erred by failing to make findings of fact and conclusions of law pursuant to FRCP 52(a) and failing to include Boeing as a third-party defendant. RAP 10.3(a)(6) directs each party to provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." *See also Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration."). To the extent these issues are adequately argued, they are without merit, as the proceedings followed CR 56 governing summary judgment motions in Washington state courts.

[4] Osborne also mentions that she believes a change of venue is required because she cannot get a fair hearing from any judge in Pierce County. The record does not demonstrate that Osborne made a change of venue motion below, and this is not the type of motion this court can decide for the first time in a direct appeal.

[5] We have reviewed Osborne's motion for sanctions against both Martin and the clerk of the court and to exclude the Supplemental Clerk's Papers filed by Martin, as well as Osborne's motion for a hearing to discuss the filing of the Supplemental Clerk's Papers and other letters submitted to the court regarding these requests. After consideration, Osborne's motions are denied.

No. 56121-2-II

Cruser, J.

We concur:

Lee, J.

Glasgow, C.J.

8